Richard W. **DRAKE,** Plaintiff–Appellant,

v.

**LABORATORY CORPORATION OF AMERICA HOLDINGS, et al.,** Defendants–Appellees.

No. 10–1418–cv.

United States Court of Appeals, Second Circuit.

April 4, 2011.

Richard W. Drake, Marshall, VA, pro se.

Robert I. Steiner, Kelley Drye & Warren LLP, New York, NY, D. Faye Caldwell, Caldwell & Clinton P.L.L.C., Hous-

ton, TX, for Laboratory Corporation of America Holdings and Kevin Wilson.

Thomas J. Mortati, Burke, Scolamiero, Mortati & Hurd, LLP, Albany, New York, for Northwest Toxicology, Incorporated and David J. Kuntz.

Ira G. Rosenstein, Orrick, Herrington & Sutcliffe LLP, New York, NY, for William H. Whaley and West Paces Ferry Medical Clinic; Diane K. Farrell, Devitt Spellman Barrett, LLP, Smithtown, NY, for Elsohly Laboratories, Incorporated.

PRESENT: ROBERT D. SACK, GERARD E. LYNCH, Circuit Judges, LORETTA A. PRESKA,* Chief District Judge.

## SUMMARY ORDER

Appellant Richard W. Drake, proceeding *pro se*, appeals the district court's judgment granting the defendants' motions for summary judgment and dismissing his complaint alleging that the defendants provided false drug test results to his employer. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and the party asserting jurisdiction has the burden of demonstrating that it exists. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir.1994). We review orders granting summary judgment *de novo* to determine whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff &*

*Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003).

Having conducted an independent and *de novo* review, we find, for substantially the same reasons as the district court, that Drake failed to establish facts supporting the district court's exercise of personal jurisdiction over Defendants–Appellees Kevin Wilson, Elsohly Laboratories, Inc., William H. Whaley, and West Paces Ferry Medical Clinic. We further conclude, for substantially the same reasons as the district court, that Drake's claims against Defendants–Appellees Laboratory Corporation of America Holdings, Northwest Toxicology, Inc., and David J. Kuntz are barred by the statute of limitations.

We have considered Drake's other arguments on appeal and, although we are fully aware of his sense of grievance, have found them to be without legal merit. We reject Drake's invitation to reconsider our holding in *Drake v. Delta Air Lines, Inc.*, 147 F.3d 169 (2d Cir.1998). We may not disregard the decision of a prior panel, except in special circumstances not present here. *See Union of Needletrades, Indus. & Textile Emps. v. INS*, 336 F.3d 200, 210 (2d Cir.2003). Accordingly, the judgment of the district court is hereby **AFFIRMED.**

---

* The Honorable Loretta A. Preska, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.